UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Unifund CCR Partners,<br><br>                              Plaintiff,<br><br>vs.<br><br>Randall D. Wallis, Nathan Cohen, and Susan Perry,<br><br>                              Defendants,<br><br>vs.<br><br>Citibank (South Dakota), N.A.,<br><br>                              Third Party Defendant. | Civil Action No. 06-CV-545-GRA<br>Civil Action No. 06-CV-546-GRA<br>Civil Action No. 06-CV-547-GRA<br><br>**ORDER**<br>(Written Opinion) |

Plaintiff filed its summons and complaint against Defendant Cohen on August 19, 2005 and against Defendant Wallis on September 6, 2005 in the Court of Common Pleas in the County of Spartanburg, South Carolina. Plaintiff then filed its summons and complaint against Defendant Perry on September 23, 2005 in the Court of Common Pleas in the County of Greenville, South Carolina. All three complaints alleged a debt collection action based on Defendants' breach of contract of their credit card agreement in that they failed to make payments as required by that agreement.

On September 26, 2005, Defendant Cohen filed his answer and counterclaims in which he denied the debt obligation, denied any payment on the debt, and alleged

1

a "fraud on the Court in that the affidavit of account is false." On October 7, 2005, Defendant Wallis filed his answer and counterclaims in which he made the same denials and allegations as Defendant Cohen. On October 25, 2005 Defendant Perry filed her answer and counterclaims in which she made the same denials and allegations as Defendant Wallis and Defendant Cohen.

Plaintiff replied to Defendant Perry's answer and counterclaims on November 29, 2005 and filed an amended reply on December 1, 2005. Plaintiff replied to Defendant Wallis's answer and counterclaims on November 30, 2005. Plaintiff replied to Defendant Cohen's answer and counterclaims on December 27, 2005.

Defendant Wallis then filed his "Motion to Amend Complaint and to Certify as a Class and to Consolidate and to Enjoin Plaintiff" on January 20, 2006, which Plaintiff received on January 24, 2006. In his motion, Defendant Wallis attempted to set forth a class action counterclaim alleging that Plaintiff had violated the South Carolina Consumer Protection Code, the South Carolina Unfair Trade Practices Act, and common law negligence principles against an unknown class of debtors in South Carolina. The Motion in the Wallis case specifically sought to include Defendants Cohen and Perry as class members. Plaintiff then removed this case to federal court under the Class Action Fairness Act of 2005[1] (CAFA) together with the Cohen and Perry cases on February 22, 2006. Plaintiff on the same day filed a motion on to sever Defendants' counterclaims and remand their complaint back to state court. On March 3, 2006

---

[1] 28 U.S.C. § 1332(d)

2

Defendants' filed a motion to remand each case in its entirety back to state court.

This Court held a hearing on March 27, 2006 on Defendants' motion to remand and Plaintiff's motion to sever. Plaintiff was represented by William Howell Morrison and Jennifer K. Stone of *Moore and Van Allen PLLC.* Mr. Morrison did not attend the hearing. Each Defendant was represented by David C. Alford.

At that hearing, this Court, *sua sponte,* by oral order remanded the case in its entirety back to state court based on the well settled authority that Plaintiffs as counter-defendants on counterclaims may not remove cases to federal court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S 100 (1941). The Court also, *sua sponte*, awarded the Defendants, attorney fees based on the Plaintiff's improper removal.

The Defendants' attorney filed three separate affidavits in regards to each Defendant on March 27, 2006 detailing the fees incurred in defending against the Plaintiff's wrongful removal. The Plaintiff on March 30, 2006 filed its opposition to this Court's award of attorney fees. After a review of the motions and memoranda filed by both Plaintiff and Defendant post removal, Defendants' fee affidavits and the Plaintiff's opposition to this Court's award of attorney fees, this Court holds that an award of attorney fees in the amount of five hundred dollars ($500.00) to be reasonable and appropriate.

The award of attorney fees in a remand order is expressly authorized. *28 U.S.C. §1447(c)*. Because the express language of 28 U.S.C. § 1447(c), grants the court wide discretion in assessing costs and attorney fees against the removing party after

3

remand, a fee award is not contingent on a finding of improper purpose or bad faith or oppressive conduct. *See Morris v Bridgestone/Firestone, Inc.*, 985 F.2d. 238, CA 6 (Ohio 1993); *Penrod Drilling Corp. v Granite State Ins. Co.*, 764 F. Supp. 1146 (SD Texas 1990). The trend is to award fees engendered by improper removal without reference to any particular state of mind or improper purpose. *Gibson v. Tinckey*, 822 F. Supp. 347, (SD W Va 1993).

However this Court finds that the Plaintiff's removal was not only improper and against well settled authority, but made in bad faith and a waste of judicial time and resources. As stated above, Plaintiffs who defend against counterclaims cannot remove such cases to federal court, that authority is well settled. *Shamrock*, 313 U.S at 108. Plaintiff in their post removal motions and memoranda never tried to explain to this Court how their removal was proper or how their reading of CAFA would allow plaintiffs who are counter-defendants to be able to remove CAFA based counterclaims to federal court. Plaintiff in their memorandum of law in support of Plaintiff's motion to sever Defendant's permissive counterclaims and to remand Plaintiff's complaint, stated only in conclusory fashion that, "Under the Class Action Fairness Act of 2005 Defendant's counterclaims with class allegations rightfully belong in federal court." (Plt. Mot. to Sever at 1).

Plaintiff did not advance their argument based on CAFA or seek a clarification of that statute until the Hearing held before this Court on March 27, 2006 and in Plaintiff's response in opposition to this Court's award of attorney fees to Defendant.

4

Defendant states:

> For cases in which federal subject matter jurisdiction is based on diversity, the removal statute states "except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States." 28 U.S.C. §1441(a). The Supreme Court held sixty-five years ago that the statutory language limits the option of removal to defendants. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). In contrast, the recent CAFA provides that "A *class action* may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether *any* defendant is a citizen of the State in which the action is brought, except that such action may be removed by *any* defendant without the consent of all defendants." CAFA Section 5; 28 U.S.C. §1453(b) (emphasis added). Unlike the removal statute cited in *Shamrock*, which uses the language "the defendant", the CAFA removal statute uses the language "class action" and "any defendant." The potential significance of the difference in language between section 1441(a) and the removal provision of CAFA has not yet been examined by the courts -- so far as this Plaintiff can determine.
> (Plt. Mot. Opp. of Atty. Fees at 2-3).

This Court finds Plaintiff's reading of 28 U.S.C. §1453(b) to be strained at best. A more proper reading would see that §1453(b) provides that "complete diversity" is now not required for a Defendant to remove a class action claim under CAFA from state to federal court. *See S. Rep. No.* 109-14 at 11, 29 (2005) (emphasis added). Further even if Plaintiff's argument had merit, a review of Defendant Wallis's "Motion to Amend Complaint and to Certify as a Class and to Consolidate and to Enjoin Plaintiff", would show that Defendant did not allege facts sufficient to bring his proposed class action under CAFA. *See 28 U.S.C. 1332(d).* For example, one simply cannot deduce that Defendant's matter in controversy would exceed five million dollars

5

($5,000,000) in the aggregate, exclusive of interests and costs. *28 U.S.C. 1332(d)(2).*

While this Court cannot read Plaintiff's mind, it is clear by the wrongful removal and the amount of motions and memoranda filed post removal, that Plaintiff's actions are indicative of bad faith and were nothing more than a waste of judicial resources and time. Therefore this Court finds it is reasonable and appropriate to award Defendants' counsel attorney fees in the amount of $500.00.

IT IS THEREFORE ORDERED that attorney fees pursuant to 28 U.S.C.§ 1447(c) in the amount of $500.00 be GRANTED to Defendants' counsel and paid by the Plaintiff.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

April 7, 2006